UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

R. ALEXANDER ACOSTA,
Secretary of Labor,
United States Department of Labor,   Case No. 3:17-cv-01187

    Plaintiff,

v.

ZANDER GROUP HOLDINGS, INC.,   Judge Aleta A. Trauger
JEFFREY J. ZANDER, an individual,
STEPHEN M. THOMPSON, an individual,
and ZANDER GROUP HOLDINGS, INC.
EMPLOYEE STOCK OWNERSHIP PLAN,

    Defendants.

**DEFENDANTS ZANDER GROUP HOLDINGS, INC. AND JEFFREY L. ZANDER'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Zander Group Holdings, Inc. ("Holdings") and Jeffrey J. Zander ("Zander"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move the Court to dismiss Plaintiff's Complaint ("Complaint") for failure to state a claim upon which relief can be granted, and in support thereof would respectfully show the Court as follows:

**I.
STATEMENT OF LEGAL ISSUES**

Whether Plaintiff R. Alexander Acosta, Secretary of Labor ("Plaintiff") has failed to state a claim for relief against Holdings when the causes of action set forth in the Complaint make no reference to Holdings.

Whether Plaintiff has failed to plead facts sufficient to state a claim against Zander, particularly in light of the fact that documents Plaintiff references in the Complaint contradict certain of Plaintiff's allegations.

## II.
## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[1] To have the required "facial plausibility," Plaintiff's Complaint must include factual allegations that would allow the Court to draw the "reasonable inference" that Holdings and/or Zander are "liable for the misconduct alleged."[2] Such factual allegations "must be enough to raise the claimed right to relief above the speculative level."[3] "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice," nor must the Court "accept as true . . . unwarranted factual inferences."[4] Finally, in considering a motion to dismiss under Rule 12(b)(6), the Court may consider a document referred to in the Complaint that is central to Plaintiff's claims, and "[t]he general rule is that if inconsistent with the allegations of the complaint, the [document] controls."[5]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[2] *Iqbal*, 556 U.S. at 678.

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014).

[5] *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012) (internal quotation marks omitted).

# III.
# ARGUMENT AND AUTHORITIES

## A. Plaintiff's Failure to Allege Any Specific Claim Against Holdings

Plaintiff's Complaint includes three separate "Counts."[6] Each of the three Counts is directed at Zander and co-Defendant Stephen M. Thompson, the Trustee of the ESOP ("Thompson" or the "Trustee").[7] In describing the purported causes of action, Plaintiff makes no allegations directed at Holdings. Moreover, the Complaint's request for relief makes no reference to Holdings.[8]

Based on the Complaint, it is entirely unclear what, if any, claim for relief Plaintiff is actually asserting against Holdings. As such, it is impossible to find that the Complaint "state[s] a claim to relief that is plausible on its face" against Holdings.[9] Plaintiff's Complaint must, therefore, be dismissed as to Holdings.

## B. Plaintiff's Failure to Allege Facts Sufficient to State a Claim Against Zander

Throughout the Complaint, Plaintiff makes numerous unsupported and/or contradictory allegations. For example, Plaintiff asserts that Zander "[c]ause[d] the ESOP to approve the

---

[6] Complaint [Docket No. 1] ¶¶ 44-47 (Count I); *id.* ¶¶ 49-53 (Count II); *id.* ¶¶ 54-57 (Count III).

[7] *See, e.g.*, Complaint [Docket No. 1] ¶ 44 ("Defendants Zander and Thompson, as fiduciaries and Trustee of the ESOP, breached their fiduciary duties to the ESOP . . . ."); *id.* ¶ 49 ("Zander and Thompson engaged in a non-exempt prohibited transactions *[sic]* under ERISA . . . ."); *id.* ¶ 54 ("Defendant Jeffrey J. Zander, in his capacity as a fiduciary to the Plan, and Defendant Stephen M. Thompson, in his capacity as Trustee, engaged in transactions between the ESOP and themselves . . . .").

[8] Complaint [Docket No. 1] at 17-18.

[9] *Iqbal*, 556 U.S. at 678.

3

purchase of the Company's Stock"[10] and "authorize[d] the ESOP to purchase shares of the Company stock."[11] Yet, Plaintiff admits that with respect to the ESOP's purchase of Holdings stock, Zander was acting *on behalf of the seller*.[12] The Complaint offers no facts to explain how Zander had *any* authority to "cause" or "authorize" the ESOP to do anything. In the absence of such facts, Plaintiff's Complaint cannot rise "above the speculative level."[13]

Plaintiff also incorrectly claims that "[o]n August 31, 2011, *Zander* again retained Thompson."[14] However, this allegation flies in the face of the Trustee Engagement Agreement, which expressly states that it is "by and between Stephen M. Thompson (the 'Trustee') and *Zander Group Holdings, Inc.*, a Tennessee corporation (the 'Company')."[15] The Trustee Engagement Agreement further reflects that Zander was also not a party to the prior agreement with the Trustee, as that agreement, dated May 22, 2011, was "between the Trustee and JJZ, Inc."[16]

---

[10] Complaint [Docket No. 1] ¶ 44b; *see also id*. ¶ 45 ("Zander… cause[ed] the ESOP to pay more than adequate consideration.").

[11] Complaint [Docket No. 1] ¶ 49.

[12] Complaint [Docket No. 1] ¶ 9 ("Zander caused the Toxaway Trust to sell its shares of the Company to employees."); *id.* ¶ 15 (same); *id.* ¶ 17 ("Zander acted as seller to the ESOP.").

[13] *Twombly*, 550 U.S. at 555.

[14] Complaint [Docket No. 1] ¶ 26 (emphasis added); *see also id.* ¶ 17 ("Zander retained Stephen M. Thompson to act as Trustee to the ESOP.").

[15] Trustee Engagement Agreement at 1(emphasis added) attached hereto as Exhibit "A" is a true and correct copy of the Trustee Engagement Agreement. As noted above, it is appropriate for the Court to consider the Trustee Engagement Agreement as it is referenced in the Complaint and forms the basis of Plaintiff's claims. *See Carrier Corp.,* 673 F.3d at 441.

[16] Trustee Engagement Agreement at 1.

Plaintiff attempts to explain away the obvious inconsistency between its allegations and the relevant documents by stating that although Zander signed the Trustee Engagement Agreement "as president of the newly created Company, he was not named as such until the following day."[17] That Zander was not formally named as the president of Holdings until the day after he signed the Trustee Engagement Agreement on behalf of Holdings does not change the fact that such Agreement is between the Trustee and Holdings. Furthermore, the Unanimous Written Consent of the Board of Directors of Zander Group Holdings, Inc. to Action Taken Without a Meeting (the "Unanimous Consent"), by which document the ESOP was established and the engagement of the Trustee was authorized, also formally engaged Zander as the president of Holdings and expressly "ratified and approved" those "prior acts of the Company's officers and Board of Directors in connection with the various transactions contemplated [by the Unanimous Consent]."[18]

Thus, it is clear from the relevant transaction documents that Plaintiff's claim that it was Zander who engaged the Trustee is unfounded. As this allegation goes to the heart of Plaintiff's claims, such claims cannot stand and must be dismissed.[19]

---

[17] Complaint [Docket No. 1] ¶ 26.

[18] *See* Unanimous Consent at 1 (establishing the ESOP); *id.* at 3 (appointing the Trustee and expressly referring to the Trustee Engagement Agreement); *id.* at 6 (employing Zander as president); *id.* at 8 (ratifying and approving the prior actions taken in connection with the transactions). A true and correct copy of the Unanimous Consent is attached hereto as Exhibit "B," together with Exhibit F thereto - the signed Trustee Engagement Agreement (referenced on the "List of Exhibits" as "Exhibit F - Trustee Engagement Agreement - *See ZGH ESOP Closing Binder Tab 25*").

[19] With no factual allegations sufficient to show that Zander himself could or did act on behalf of the ESOP, Plaintiff has failed to allege any basis for finding that Zander was ever a fiduciary with respect to the ESOP. Absent such fiduciary status, Zander had not duty to "monitor" the Trustee. *See* Complaint [Docket No. 1] ¶ 46.

5

Similarly, Plaintiff makes much of Zander's purported "intimate involvement" during the valuation process.[20] However, Plaintiff ignores the significance of the role it admits that Zander was taking the process. It is hardly surprising that in his role acting *for the seller* Zander was involved in valuing the stock that was to be sold. Plaintiff's Complaint offers no valid explanation how Zander's actions on behalf of the seller of the stock could possibly have been taken in any fiduciary capacity as to the ESOP.[21]

Plaintiff also repeatedly makes the wholly conclusory allegation that Zander had "actual or constructive knowledge" of purported breaches by the Trustee.[22] What Plaintiff fails to do is allege any facts that would support such allegations. For example, Plaintiff alleges that the Trustee "failed to understand and critically analyze the Valuation Report."[23] Plaintiff offers no facts, however, to explain how Zander supposedly knew what the Trustee "understood," or had any knowledge of what analysis the Trustee did, much less how "critically" it was done. With no factual support for the allegations about Zander's purported knowledge, Plaintiff has failed to state a claim against Zander on this basis as well.

---

[20] Complaint [Docket No. 1] ¶ 41.

[21] It is noteworthy that when Zander was "intimate[ly]" involved in the valuation process, the ESOP did not yet even exist. *See* Complaint [Docket No. 1] ¶ 15 ("The Company established the ESOP on September 1, 2011….").

[22] Complaint [Docket No. 1] ¶¶ 47, 53, 57; *see also id.* ¶ 17 (describing Zander as "a *knowing* participant in Thompson's breaches of his fiduciary duties") (emphasis added).

[23] Complaint [Docket No. 1] ¶ 31. Holdings and Zander do not agree with this assertion by Plaintiff, but they recognize that it must be "accepted as true" at the 12(b)(6) motion to dismiss stage. *D'Ambrosio*, 747 F.3d at 383.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Zander Group Holdings, Inc. and Jeffrey J. Zander respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and find that Plaintiff has failed to state claims upon which relief can be granted, as well as grant these Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Edward P. Perrin, Jr.
Edward P. Perrin, Jr.
Jennifer R. Poe
HALLETT & PERRIN, PC
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142
eperrin@hallettperrin.com
jpoe@hallettperrin.com

s/ J. Gregory Grisham
J. Gregory Grisham (TB#013810)
FORDHARRISON LLP
150 3rd Avenue South, Suite 2010
Nashville, Tennessee 37201
Telephone (615) 574-6707
Fax (615) 574-6701
ggrisham@fordharrison.com

ATTORNEYS FOR DEFENDANTS
ZANDER GROUP HOLDINGS, INC.
AND JEFFREY J. ZANDER

CERTIFICATE OF SERVICE

On November 30, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Middle District of Tennessee, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ J. Gregory Grisham
J. Gregory Grisham