# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EUGENE SCALIA, <br> Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> ZANDER GROUP HOLDINGS, INC.; <br> JEFFREY J. ZANDER, an individual; <br> STEPHEN M. THOMPSON, an individual; and <br> ZANDER GROUP HOLDINGS, INC. <br> EMPLOYEE STOCK OWNERSHIP PLAN, <br><br> Defendants. | Civil Action No. 3:17-cv-01187 <br> Judge Campbell/Magistrate Judge Brown |

## PROPOSED CONSENT ORDER AND JUDGMENT

Plaintiff Eugene Scalia, Secretary of the United States Department of Labor (the "Secretary"), and Defendants Stephen M. Thompson, Jeffrey J. Zander, and Zander Group Holdings, Inc. ("ZGH") have agreed to settle the matters in controversy in this civil action and agree to the entry of this Consent Order and Judgment. Mr. Zander and ZGH are referred to collectively herein as the "ZGH Defendants," and Mr. Thompson and the ZGH Defendants are referred to collectively herein as "Defendants."

    A.    This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended, and was brought by the Secretary pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to obtain relief for alleged breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to enjoin acts and practices that allegedly violate the provisions of Title I of ERISA.

1

B. The Secretary filed a Complaint on August 23, 2017 against Defendants asserting claims concerning the Zander Group Holdings, Inc. Employee Stock Ownership Plan ("ESOP" or "Plan"). The Secretary has authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and other parties who are in violation of Title I of ERISA pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5).

C. The ESOP was at all relevant times an employee pension benefit plan within the meaning of ERISA §§ 3(2) and (3), 29 U.S.C. §§ 1002(2) and (3).

D. Defendants admit that this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), that venue of this action lies in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and that this Court has personal jurisdiction over them for all purposes relevant to this matter, including the entry of this Consent Order and Judgment.

E. The Secretary and Defendants have agreed to resolve all matters in controversy between them in this action (including the imposition by the Secretary of any penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l)) and said parties now consent to entry of a Consent Order and Judgment by this Court.

F. Defendants neither admit nor deny the allegations in the Secretary's Complaint.

G. Upon consideration of the record herein, and as agreed to by the Secretary and Defendants, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1. Within thirty (30) days of the Court's entry of this Consent Order and Judgment, Defendants shall pay, or cause their insurers to pay, the ESOP the sum of $3,818,181.82 (the

"Settlement Payment") to fully settle the claims against Defendants in the Secretary's Complaint.

2. The Secretary is required to assess a civil penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The penalty under Section 502(l) is determined as a percentage of the "applicable recovery amount" as that term is defined by ERISA. The amount of the Section 502(l) penalty will be separately assessed and collected by the Secretary.

3. Within five (5) business days of completing each obligation in Paragraphs 1 and 2 of this Consent Order and Judgment, Defendants agree to submit to the Secretary notice that they have fulfilled each such obligation. Such notice shall be mailed to:

> Isabel Culver
> Regional Director
> U.S. Department of Labor
> Employee Benefits Security Administration
> Atlanta Regional Office
> 61 Forsyth Street, SW
> Suite 7B54
> Atlanta, GA 30303

4. Upon the completion and receipt of the payment outlined in Paragraph 1 and the Section 502(l) penalty referenced in Paragraph 2 herein, the Secretary expressly waives, releases, and forever discharges all claims he has or could have asserted against Mr. Thompson, Mr. Zander, and/or ZGH, or their respective predecessors or successors in interest, relating to, arising out of, or in connection with the facts alleged in the Complaint filed in this action. Notwithstanding the foregoing sentence, nothing in this Consent Order and Judgment shall be deemed to waive any claim relating to enforcement of the terms set forth in this Consent Order and Judgment.

5. Mr. Thompson and the ZGH Defendants each expressly waive, release and forever discharge any and all claims that they have or may have against the Secretary, or any of his agents, attorneys, employees, or representatives, relating to, arising out of, or in connection

3

Case 3:17-cv-01187   Document 168   Filed 03/09/20   Page 3 of 6 PageID #: 11539

with the litigation of the claims in the Complaint filed in this action.

6. Mr. Thompson expressly waives, releases, and forever discharges all claims he has or could have asserted against Mr. Zander and/or ZGH, or their respective predecessors or successors in interest, relating to, arising out of, or in connection with the facts alleged in the Complaint filed in this action, including, but not limited to, any claims for indemnification or contribution.

7. The ZGH Defendants each expressly waive, release, and forever discharge all claims they have or could have asserted against Mr. Thompson, or his predecessors or successors in interest, relating to, arising out of, or in connection with the facts alleged in the Complaint filed in this action, including, but not limited to, any claims for indemnification or contribution.

8. Each party shall bear its own attorneys' fees and costs associated with the litigation and settlement of this case.

9. The parties agree that this document may be executed via counterpart signatures and that a signature via facsimile or PDF and electronic mail will be deemed an original signature and will be binding upon the party transmitting the signature by facsimile or PDF and electronic mail.

10. This Consent Order and Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

11. The Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing and/or interpreting this Consent Order and Judgment.

12. If the Court does not enter this Consent Order and Judgment, this agreement will become void and the parties may proceed with litigation of the action as if they had never executed this document.

13. The Court finds that there is no just reason to delay the entry of this Consent Order and Judgment and, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, expressly directs the entry thereof as a Final Order and Judgment.

SO ORDERED this ___ day of _____ 2020.

_____
HON. WILLIAM L. CAMPBELL, JR.
United States District Judge
Middle District of Tennessee

Plaintiff consents to the entry of the above Consent Order and Judgment:

PLAINTIFF EUGENE SCALIA, SECRETARY OF LABOR

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

 /s/ Willow Eden Fort
Willow Eden Fort
Rachael Levinson Graeber
U.S. Department of Labor
Office of the Solicitor
618 Church Street, Suite 230
Nashville, TN 37219
Tel: (615) 781-5330
Email:  fort.willow@dol.gov
           Graeber.rachel@dol.gov

*Counsel for the Secretary of Labor*

Jeffrey J. Zander and Zander Group Holdings, Inc. consent to the entry of the above Consent Order and Judgment:

s/ *Lars C. Golumbic*
Lars C. Golumbic (admitted *pro hac vice*)
Sean C. Abouchedid (admitted *pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006
Tel: (202) 861-6615
Email:  lgolumbic@groom.com
           sabouchedid@groom.com

Mark E. Stamelos (TN 021021)
FORD HARRISON LLP
150 3rd Avenue South, Ste. 2010
Nashville, TN 37201
Tel: (615) 574-6700
Email:  mstamelos@fordharrison.com

*Counsel for Jeffrey J. Zander and Zander Group Holdings, Inc.*

Stephen M. Thompson consents to the entry of the above Consent Order and Judgment:

s/ *Patrick DiCarlo*
Patrick DiCarlo
THE DICARLO LAW FIRM
1230 Peachtree Street, Suite 1900
Atlanta, Georgia 30309
Tel: (404) 942-3737
Email: pat@dicarlolawfirm.com

*Counsel for Stephen M. Thompson*